```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                        COLUMBIA DIVISION
```

SCOTT PUFAHL,                   )
                                )
        Plaintiff               )
                                )       No. 1:14-0121
v.                              )       Senior Judge Haynes/Brown
                                )       **Jury Demand**
TOMMY GREY; ROBERT TRUETTE,     )
                                )
        Defendants              )

**TO:    THE HONORABLE WILLIAM J. HAYNES, JR.**

## REPORT AND RECOMMENDATION

Presently pending is a motion by the two remaining Defendants to dismiss for failure to state a claim (Docket Entry 49). This motion is supported by a memorandum of law (Docket Entry 50). Although the motion and memorandum were filed on March 13, 2015, the Plaintiff has failed to respond, either by seeking to amend his complaint to provide more details or by providing a legal argument in opposition. For the reasons stated below, the Magistrate Judge recommends that the motion be granted and this case be dismissed with prejudice and that any appeal from such dismissal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff in his complaint (Docket Entry 1) said on February 3, 2014, he was not given his nighttime medication. He alleges he complained to a correctional officer and even called the sergeant to say he needed his medication. He states that Correction Officer, Defendant Grey, said he would get it, but that he did not and neither did the Correctional Sergeant, Defendant Truette. He

alleges that because he was not administered his medication he had an anxiety attack and hit his head, causing it to split open. He states that the split was so bad that he was taken to the emergency room to have his injury treated.

In his complaint the Plaintiff states that he only had one previous lawsuit in 2018, which was dismissed by Judge Haynes. The court records in fact show two earlier suits. The first, *Pufahl v. Brown*, Case 1:14-CV-12, was dismissed for failure to state a claim against Defendant Brown at Lawrence County, Tennessee. In that lawsuit he alleged that on November 23, 2013, his medication were handed out by a correctional officer rather than a nurse and that the authorities had been slow to treat a broken foot that he had suffered before he came to the jail. He also alleges that on November 27, 2013, that he was not given his medications. This case was dismissed on initial review by Chief Judge Haynes and would constitute a strike under 28 U.S. § 1915(e)(2).

The Plaintiff next filed a case *Pufahl v. Maury County Sheriff's Department*, Case 1:14-43, in which he made allegations that on February 3, 2014, he was not administered his night medication and that he requested Correction Officer Grey to get them and that he never did. That case was dismissed on initial review on the grounds that the Plaintiff only sued the Sheriff's Department of Maury County and that he failed to state a cause of action because he did allege any facts that suggested a policy, ordinance, regulation or decision officially adopted by the county

that caused his injury (*Monell v. Department of Social Services*, 436 U.S. 654, 1978). The case was dismissed under 28 U.S. § 1915(e)(2) and would constitute a second strike. In dismissing the case the Court did state that it was without prejudice to any claim against an individual officer.

Taking the court up on the suggestion that a case might be viable against individual officers the Plaintiff has filed the present lawsuit in which he names the two officer he contends failed to provide him medications as scheduled on February 3, 2014.

On initial review the case was allowed to proceed against the two named individuals under the Eighth and Fourteenth Amendments in their individual capacities. Service of process was accomplished on these two Defendants and a scheduling order was entered on December 18, 2014 (Docket Entry 31). The matter is presently set for a bench trial before Senior Judge Haynes on November 17, 2015 (Docket Entry 39). On March 2, 2015, the Plaintiff sent the Court a letter requesting an extension of time because the inmate who was providing him legal assistance was hospitalized (Docket Entry 46). In response to that letter, the undersigned directed the Clerk to send him a copy of the docket sheet and directed the Defendants to send the Plaintiff an additional set of medical releases for the Plaintiff to sign. The Plaintiff was also cautioned that if he wanted the Court to do something he should file a motion about the matter (Docket Entry 47).

The Plaintiff's motion to dismiss for failure to state a claim was filed on March 13, 2015 (Docket Entry 49). Since that time the Plaintiff has failed to respond in any way to the motion by seeking additional time, seeking to amend his complaint under Rule 15, or filing a response.

The Magistrate Judge believes that the Defendants' memorandum in support of their motion (Docket Entry 50) is well-taken. The sole complaint in this matter is that the Plaintiff was not given his nighttime medication on February 3, 2014, and that after he notified the two Defendants of his need for medication, they failed to provide the medication. There is no statement in the complaint what the medication was for or that either of the Defendants had any knowledge or reason to believe failure to deliver the medication for a single dose would cause injury to the Plaintiff. There is no showing that either Defendant told the Plaintiff that they would refuse to get his medication. In fact, in his complaint, he states the response to his grievance about the failure to provide his medication was "that the c.o.'s get distracted sometimes" (Docket Entry 1, par. F(2)).

Following the filing of this motion the Plaintiff has taken no action whatsoever. He has not sought to amend his complaint as he could have done under Rule 15 to provide more specifics. He has not asked for additional time. It does appear that the Plaintiff did receive half of the relief he requested in

4

that he was transferred to another jail since he is now housed in the Morgan County Correctional Complex in Wartburg, Tennessee.

His constitutional claim for denial of medical care requires him to show both an objective and subjective component. *Farmer v. Brennen*, 511 U.S. 525, 534 (1994).

The objective component requires the prisoner show he has a serious medical need. Something diagnosed by a physician requiring treatment or something that is so obvious that even a lay person would easily recognize the necessity of medical attention. In this case the Plaintiff has failed to give any indication whatever as to what the medication that was missing was used to treat. There is no allegation or medical evidence that the omission of a single dose of the unnamed medicine would produce a panic attack, or would result in the Plaintiff striking his head. There is nothing to indicate or even allege that either of the Defendants were aware of any such risk to the Plaintiff. His complaint, therefore, fails under the first prong. Even if the first prong were to be met, there is no allegation in the complaint that the Defendants made a conscious decision to fail to care for his serious medical need.[1]

Reading the complaint in light most favorable to the Plaintiff, he fails to allege that the missing medication was

---

[1] The Magistrate Judge notes that from the Plaintiff's first case, *Pufahl v. Brown* (Docket Entry 1-14-12), the Plaintiff complained that it was unacceptable for a correctional officer to pass out his medication. In this case he has complained that the correctional officer did not provide his medication.

likely to cause serious medical consequences or that the correctional officers made a deliberate decisions to not provide him with medication. At best he alleges that they were negligent in not seeing that a single dose of medication was provided to him that evening. Negligence alone is insufficient to establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

The Plaintiff, despite a clear warning of the need to respond to motions, has failed to respond to this motion for over three months. As such, under Local Rule 7.01(b), the motion is unopposed.

The Magistrate Judge has reviewed the record to insure that the motion has a basis in fact under law. The motion should be GRANTED.

Accordingly, the Magistrate Judge recommends that the motion to dismiss for failure to state cause of action be DISMISSED and that this constitutes a strike under 28 U.S.C. 1915(e)(2) and that any appeal of the order dismissing this case not be certified as taken in good faith.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss (Docket Entry 49) be GRANTED and this case be dismissed with prejudice. The Magistrate Judge further recommends that this case count as a strike under 28 U.S.

§ 1915(e)(2) and that any appeal from the decision dismissing the case not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 22nd day of June, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge