```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        COLUMBIA DIVISION
```

SCOTT PUFAHL,                     )
                                  )
        Plaintiff                 )
                                  )        No. 1:14-0121
v.                                )        Senior Judge Haynes/Brown
                                  )        **Jury Demand**
TOMMY GREY; ROBERT TRUETTE,       )
                                  )
        Defendants                )

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the pending motion for summary judgment (Docket Entry 74) be granted and this case be dismissed with prejudice. The Magistrate Judge further recommends that any appeal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed his complaint on September 11, 2014 (Docket Entry 1) against Sheriff Enouch and Lieutenant Wagonschultz alleging that on February 3, 2014, he was not given his nighttime medications. He alleged that he complained to Sargent Truette and Correctional Officer Grey and both officers told him that they would get them, but did not. He alleges that because he was not administered his medication he had an anxiety attack/seizure and hit his head, causing it to split open. The injury was sufficient to require him to be taken to the emergency room and have his head [wound]glued.

On initial review, the Plaintiff was allowed to proceed *in forma pauperis*. His claims against the two named defendants were dismissed inasmuch as there were no allegations in the complaint about either of them having personal involvement in the matter. However, the complaint was construed to add allegations of deliberate indifference as to the two named correctional officers (Docket Entries 3 and 4).

Action in this litigation was delayed several times because the Plaintiff failed to keep the Court apprised of his current address. *See* Docket Entry 19 where the Plaintiff was specifically warned of the consequences of failing to keep a current address on file with the Court.

A scheduling order was entered in the matter on December 18, 2014 (Docket Entry 31). The scheduling order provided that discovery would be completed by July 15, 2015.

The Defendants filed a motion to dismiss for failure to state a claim on March 15, 2015. The Plaintiff failed to respond to this motion and on June 23, 2015, the undersigned submitted a report and recommendation that the motion be granted and the case be dismissed with prejudice. In that recommendation the Magistrate Judge noted:

> The Magistrate Judge believes that the Defendants' memorandum in support of their motion (Docket Entry 50) is well taken. The sole complaint in this matter is that the Plaintiff was not given his nighttime medication on February 3, 2014, and that after he notified the two Defendants of his need for medication, they failed to provide the medication. There is no statement in the complaint what the medication was for or that either of the Defendants had any knowledge or reason to believe

> failure to deliver the medication for a single dose would cause injury to the Plaintiff. There is no showing that either Defendant told the Plaintiff that they would refuse to get his medication. In fact, in his complaint, he states the response to his grievance about the failure to provide his medication was "that the c.o.'s get distracted sometimes" (Docket Entry 1, par. F(2)).

The Plaintiff filed a response (Docket Entry 55), providing some additional details to his complaint.

The District Judge, in his discretion, set aside the report and recommendation and allowed the Plaintiff 21 days to file an amended complaint. The Plaintiff was forewarned that failure to do so would result in the dismissal of his actions for the reasons stated in the report and recommendation (Docket Entry 56).

The Plaintiff then filed an amended complaint alleging that he had a serious medical condition (anxiety attacks) and that these attacks resulted in him passing out and falling at times. He alleged that the Defendants were fully aware of the medical conditions and were deliberately indifferent in not providing the medication to him (Docket Entry 59).

Following this amended complaint the scheduling order was amended to provide that all discovery would be completed by October 16, 2015 (Docket Entry 67). Because of delays in securing the Plaintiff's medical records the discovery deadline was extended to a final deadline of November 6, 2015 (Docket Entry 71).

The Defendants filed their present motion for summary judgment on November 16, 2015, accompanied by a memorandum of law

and a statement of facts by the two Defendants (Docket Entries 75 and 76).

Although the scheduling order provided that responses to dispositive motions would be due on December 14, 2015, the Plaintiff did not even mail his response until December 17, 2015 (Docket Entry 77). The Plaintiff still failed to respond to the statement of facts (Docket Entry 67). The Magistrate Judge has considered the response (Docket Entry 77).

In the original scheduling order in this case (Docket Entry 31), the Plaintiff was specifically warned that:

> Plaintiff is forewarned that dispositive motions must be responded to within **28 days** unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

This matter is ready for disposition.

## LEGAL ANALYSIS

The standard for review for summary judgment is well-known. To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply

"rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Unlike a motion to dismiss, the Plaintiff may not simply repeat his complaint, he must show that there is a material dispute of facts, with citations to the record, affidavits, or other matters of evidence. In this case, the Plaintiff has failed to respond to the Defendants' statement of undisputed facts.

In accordance with Local Rule 56.01(g), failure to respond to a moving party's statement of material facts within the time period provided, shall indicate that the asserted facts are not disputed for the purpose of summary judgment. In this case, the

Magistrate Judge will adopt the undisputed facts as undisputed for the purpose of this summary judgment. Even though the Plaintiff has not responded to the statement, the Magistrate Judge has nevertheless reviewed the citation by the Defendants to the record and finds support in the record for the statements. The Plaintiff's response, unfortunately, merely recites conclusions, not facts.

It is not disputed the Defendants knew the Plaintiff was prescribed medications. What the Plaintiff has failed to show is that the guards knew a brief delay in providing the medication would result in harm to the Plaintiff. The Plaintiff has provided no evidence that such a brief delay would cause a panic attack or seizures and result in a fall.

The Magistrate Judge agrees with the Defendants' argument that to the extent the Plaintiff is suing the Defendants in their official capacities, they are entitled to summary judgment because, under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1968) a suit against the Defendants in their official capacities is a suit against the municipality and the municipality cannot be held liable under Section 1983 on a *respondeat superior* theory.

As the Defendants note, there is no allegation that Maury County has a policy that led to the alleged constitutional violation.

The Magistrate Judge also believes the Defendants have correctly stated the law dealing with the claims against the Defendants in their individual capacity. The Defendants, for the

6

purpose of summary judgment only, concede that the Plaintiff suffered from conditions for which a doctor had prescribed him medication and therefore the first prong of *Summer v. Brennan*, 511 U.S. 525, 634 (1994) of showing an objective component is met. The Plaintiff has shown that he suffered from a sufficiently serious medical need.

The Defendants contend that the Plaintiff has failed to meet the subjective components of the test. The subjective component itself requires that the Plaintiff show that the Defendants subjectively perceived facts from which to infer a substantial risk to the prisoner and that they did in fact draw the inference and they then disregarded the risk. *Parsons v. Correos*, 491 F. App. 597, 602 (6th Cir. 2012) (quoting *Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001).

In this case the Plaintiff has not come forward with evidence to show that either Defendant was aware that a brief delay in providing the Plaintiff his medication would cause him harm, or that harm would actually occur. The Plaintiff has not shown that either Defendant, who worked the first shift, knew anything about the medications Zyprexa and Vistaril, or the risk to the Plaintiff if a single dosage was delayed for a few hours, or missed.

Both Defendants checked the medication book for max security where Plaintiff was housed and determined that the medication was not there. The Plaintiff's deposition shows that the Plaintiff complained to a different second shift officer and was

administered his medication, albeit a few hours late, before the Plaintiff had a panic attack and struck his head.

Showing that the Defendants, with the benefit of hindsight, could or should have taken a different action will not suffice to show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837-49 (1994). Negligence alone will not support a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *Canady v. Wilkinson*, 90 App. 863, 865 (6th Cir. 2004).

The Magistrate Judge would note that the Plaintiff has failed to come forward with any evidence that a brief delay in administering the medication was the proximate cause of his falling and hitting his head. This is not a case where medication was delayed for a long period of time and the risk of delay was well known.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment be granted and this case be dismissed with prejudice. The Magistrate Judge further recommends that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed

in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 30th day of December, 2015.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge